FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 10:24 am, Sep 08, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

TIMOTHY WILLIAMS,

        Plaintiff,

    v.

J. MEAD; C. GARRETT; and BOLAJI
AREMU, in their individual capacities,

        Defendants.

CIVIL ACTION NO.: 2:20-cv-23

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's

March 9, 2020 Order.  Doc. 4.  For the following reasons, I **RECOMMEND** the Court

**DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's

Order and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment

of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma*

*pauperis*.[1]

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its
intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir.
2011) (citations and internal quotations marks omitted).  A magistrate judge's report and recommendation
provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union
349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's
intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the
sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280,
1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua
sponte dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due
to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this
finding, and the presiding district judge will review de novo properly submitted objections.  See 28
U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL
5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation

## BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint based on <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and a motion for leave to proceed *in forma pauperis*.  Docs. 1, 2.  The Court denied Plaintiff's motion for leave to proceed *in forma pauperis* on March 9, 2020, finding Plaintiff had the ability to pay the requisite filing fee.  Doc. 4.  The Court provided Plaintiff with 21 days to pay the filing fee and warned him his failure to do so would result in the dismissal of his action.  <u>Id.</u> at 2.  Plaintiff has not paid the filing fee, nor has he submitted anything to the Court since March 5, 2020.  Doc. 3.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## I. Dismissal for Failure to Follow This Court's Order

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626 (1962);[2] <u>Coleman v. St. Lucie Cty. Jail</u>, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     In <u>Wabash</u>, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to follow this Court's Order would result in the dismissal of his cause of action.  Doc. 4 at 2.

Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at

620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs

insisted on going forward with deficient amended complaint rather than complying or seeking an

extension of time to comply with court's order to file second amended complaint); Brown, 205

F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims

where plaintiff failed to follow court order to file amended complaint and court had informed

plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to follow this Court's Order, the Court cannot move forward

with this case or collect the mandatory statutory filing fee. See 28 U.S.C. §§ 1914, 1915.

Moreover, Plaintiff was given notice of the consequences of his failure to follow the Court's

Order. Thus, the Court should **DISMISS without prejudice** Plaintiff's Complaint, doc.1, for

failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case and

enter the appropriate judgment of dismissal.

## II.      Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff

has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken

in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or

after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C.

§ 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not

proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v.

United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Orders, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  It is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of September, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA